UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLIN J. POMET,

    Plaintiff,

v.                                                                      Case No: 8:22-cv-69-CEH-AAS

ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER

This matter comes before the Court upon Plaintiff's Motion for Remand and Memorandum of Law [Doc. 8], filed on January 12, 2022. In the Motion, Plaintiff argues that this action should be remanded because the Court lacks subject matter jurisdiction. Defendant filed a response in opposition [Doc. 11]. The Court, having considered Plaintiff's Motion and Defendant's Response and being fully advised in the premises, will **GRANT** Plaintiff's Motion for Remand.

    I.    BACKGROUND

On November 15, 2021, Plaintiff Colin J. Pomet filed suit against Defendant Allstate Property and Casualty Insurance Company ("Allstate") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida [Doc. 1-1]. This action arises out of a motor vehicle accident that occurred in Tampa, Florida on December 31, 2019. *Id.* at ¶¶6-8. The Complaint raises a claim for

uninsured/underinsured motor benefits and a claim for insurance bad faith [Doc. 1-1].

After being served with the Complaint on December 7, 2021, Allstate filed its timely Notice of Removal on January 7, 2022, pursuant to 28 U.S.C. § 1446(b)(3) [Doc. 1]. Allstate argues removal is proper because the parties reside in different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Id.* at 3 (citing 28 U.S.C. § 1332(a)). Specifically, Allstate argues it is incorporated in Illinois with its principal place of business in Springfield, Illinois, whereas Pomet resides in Florida. *Id.* at 4. Next, Allstate argues the amount in controversy is satisfied because Plaintiff demands the $100,000 policy limits. *Id.* at ¶4.

On January 12, 2022, the Court *sua sponte* entered an Order directing Allstate to show cause why this action should not be remanded to the Thirteenth Judicial Circuit Court for a lack of diversity jurisdiction [Doc. 6]. The Court's Order noted that neither the Complaint [Doc. 1-1] nor Allstate's Notice of Removal [Doc. 1] alleged this action is between citizens of different states, as opposed to residents of different states. Doc. 6 at 2. Additionally, the Court sought clarification from Allstate as to whether the amount in controversy exceeds $75,000 or if the limits of the policy at issue merely exceed $75,000. Doc. 6 at 3.

Thereafter, on January 12, 2022, Pomet filed his Motion for Remand and Memorandum of Law [Doc. 8]. In his Motion, Pomet argues this action must be remanded to state court because Allstate has failed to establish by a preponderance of

the evidence that the amount in controversy is met.[1] Doc. 8 ¶5. Pomet further argues that Allstate cannot rely on the amount of available insurance coverage to establish the amount in controversy, nor can Allstate rely on the insurance bad faith claim as it has not accrued.[2] *Id.* at 3.

Allstate responded to this Court's Order on January 20, 2022 [Doc. 10].[3] As to whether the parties are citizens of different states, Allstate offers several ties between Pomet and the State of Florida, evidencing his intent to remain in Florida indefinitely. *Id.* As for the amount in controversy, Allstate points to a Civil Remedy Notice attached to Pomet's Complaint as evidence that Pomet is seeking $100,000 in damages and therefore meets the amount in controversy requirement. *Id.* at 5. Allstate similarly points to two pre-suit demand letters requesting the full policy limits of $100,000 as evidence that this action satisfies the amount in controversy requirement.[4] *Id.*

## II.   LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as

---

[1] Pomet does not contest that he is domiciled in Florida. *See* Doc. 8 (arguing only that amount in controversy is met).

[2] Allstate's response admits the bad faith claim is premature and the value of that claim is arguably zero. Doc. 10 at 11. Accordingly, the Court need not address this argument.

[3] On the same day, Allstate filed its Response Opposing Remand to State Court [Doc. 11]. This response "adopt[ed] and incorporate[d] by reference all arguments laid out in Allstate's Response to the Court's Order." Doc. 11 at 1.

[4] To the extent Allstate relies on *Williams v. LM Gen. Ins. Co.*, 387 F. Supp. 3d 1366, 1369, 1370 (M.D. Fla. 2019) to argue the unripe bad faith claim is evidence of the amount in controversy, the Court is unpersuaded by this argument. *Williams* considered the bad faith claim to show it was *facially apparent* from the complaint the amount in controversy was met.

long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-412 (11th Cir. 1999) ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332(a). Diversity jurisdiction exists where the lawsuit is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

### III. DISCUSSION

To establish diversity jurisdiction, the removing party must show (1) the parties are citizens of different States and (2) the amount in controversy requirement is met. 28 U.S.C. § 1332(a). Here, although the Court finds the parties are citizens of different States, Allstate has failed to show the amount in controversy exceeds $75,000; this defect in removal requires the action to be remanded to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

1. **Allstate has demonstrated this action is between citizens of different states.**

"A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 455 F.2d 1396, 1399 (5th Cir. 1974)). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction; mere residence is not sufficient." *Chevaldina v. Katz*, 787 Fed. App'x 651, 653 (11th Cir. 2019) (citing *Mas*, 455 F.2d at 1399). Courts routinely look to evidence such as deposition testimony, driver's licenses, state court appearances, public records, and other testimony to determine where a party is domiciled. *See, e.g., id.* at 654.

In this case, Allstate points to several ties between Pomet and the State of Florida. Doc. 11 at 2. Allstate represents that its search of public records revealed Pomet has always resided in Florida, has a current Florida driver's license, votes in Florida, and has a Florida fishing license. Doc. 11 at 2. This evidence sufficiently demonstrates by a preponderance of the evidence that Pomet is a resident of Florida, with an intent to remain indefinitely. *See McCormick*, 293 F.3d at 1258 (affirming the district court's finding that plaintiff was a citizen of Florida where he held a Florida driver's license, was a Florida voter, and paid only Florida income taxes); *Chevaldina*, 787 Fed. App'x at 654 (finding the plaintiff was a citizen of Florida where she testified in her deposition she lives in Florida, had a Florida driver's license, made an appearance in state court in Florida, and public records indicated she lived in Florida).

5

Because Allstate has shown that Pomet is a citizen of Florida, and that Allstate is incorporated in Illinois, with a principal place of business in Springfield, Illinois, Doc. 1 ¶5, there is diversity of citizenship between the parties.

### 2. Allstate failed to put forth sufficient evidence demonstrating the amount in controversy requirement is met.

The removing party must also demonstrate that the action satisfies the amount in controversy requirement of $75,000. 28 U.S.C. § 1332(a). "[W]here damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). And "where plaintiff and defendant clash about jurisdiction, the uncertainties are resolved in favor of remand." *Lutins v. State Farm Mut. Auto. Ins. Co.*, 3:10-cv-817, 2010 WL 6790537, at *1 (M.D. Fla. Nov. 4, 2010) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). The Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making its determination but should refrain from "conjecture, speculation, or star gazing." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Pomet's Complaint states this action is "for damages in excess of Thirty Thousand and NO/100 Dollars ($30,000.00)." Doc. 1-1 ¶1. Accordingly, Allstate must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. In doing so, Allstate relies on "other paper[s]," 28 U.S.C. 1446(b)(3), it received from Pomet to establish the amount in controversy. *See Grossi v. State Farm*

*Mutual Auto. Ins. Co.*, No. 8:14-cv-2530, 2014 WL 12703739, at *2 (Fla. Dec. 1, 2014) (Scriven, J.).

First Allstate points to Pomet's Civil Remedy Notice to show the amount in controversy requirement is met, for the Notice requests payment of the $100,000 policy limits. Doc. 10 at 5. However, "CRNs are not sufficient evidence of the amount in controversy unless there is also specific information to support the amount demanded in the CRN." *Joyce v. Hartford Ins. Co. of the Midwest*, No. 2:20-cv-101, 2020 WL 1929462, at *2 (M.D. Fla. Apr. 21, 2020) (quoting *Collins v. GEICO Gen. Ins. Co.*, No. 8:16-cv-280, 2016 WL 890089, at *2 (M.D. Fla. Mar. 9, 2016) (Bucklew, J.)). Here, although Pomet's Notice requests $100,000, it lacks any explanation of that figure. *Compare* Doc. 1-1 at 77 ("[T]his case which presently clearly warrants payment of the aforementioned policy limits.") *with Yetter v. Amica Mut. Ins. Co.*, No. 6:13-cv-972, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013) (finding the amount in controversy was met even though the plaintiff has only $12,905 in medical bills because the Civil Remedy Notice included a medical provider's recommendation for the plaintiff to undergo spinal surgery). Consequently, Pomet's conclusory Civil Remedy Notice fails to give the Court sufficient information to reasonably infer the amount in controversy requirement is met. *See Garrison v. Allstate Prop. & Cas. Ins. Co.*, No. 8:18-cv-271, 2018 WL 1167329, at *2 (M.D. Fla. Mar. 6, 2018) (finding the amount in controversy is not met where defendants offer a "bare-bones pre-suit demand letter and conclusory allegation in her CRN" requesting policy limits).

Second, Allstate argues that two pre-suit demand letters requesting the policy limits demonstrate the amount in controversy is satisfied. Doc. 10 at 6-7. However, pre-suit demand letters that lack "specific information to support the plaintiff's claim for damages" may merely "reflect puffing and posturing" rather than a reasonable assessment of the value of the claim. *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); *see Thompson v. Dow*, No. 6:20-cv-866, 2020 WL 13120587, at *3 (M.D. Fla. July 20, 2020) ("[A] demand letter that reflects puffery or posturing is insufficient to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000").

Pomet argues these pre-suit settlement demands do not contain sufficient factual explanations of damage to support a finding that the amount in controversy requirement is satisfied. Doc. 8 at 6 (citing *Garrison v. Allstate Prop. & Cas. Ins. Co.*, No. 8:18-cv-271, 2018 WL 1167329, at *3 (M.D. Fla. Mar. 6, 2018) (Bucklew, J.)). The Court agrees. Here, although the letters request Allstate tender the policy limits of $100,000, the supported damages equal only $47,943.36, Doc. 10 at 7, well under the required amount in controversy of $75,000. Furthermore, the settlement demands are devoid of anticipated future costs in Pomet's treatment plan that would enable the Court to reasonably infer that the amount in controversy requirement is met.

Allstate urges the Court to follow *Grossi v. State Farm Mutual Automobile Insurance Co.*, 8:14-cv-2530, 2014 WL 12703739 (M.D. Fla. Dec. 1, 2014) (Scriven, J.). However, *Grossi* is distinguishable. There, the court relied on a pre-suit settlement

demand to determine whether the amount in controversy requirement was satisfied; however, that settlement demand went beyond detailing the plaintiff's medical costs and treatment. *Id.* at *2. The settlement demand in *Grossi* included details of the plaintiff's lost opportunity as an NFL player due to his career-ending injury. *Id.* This fact allowed the court to "make reasonable inferences and use its judicial experience and common sense to determine" that the plaintiff's salary in the NFL would sufficiently increase the damages at issue such that the amount in controversy was met. *Id.* at *3. Here, Allstate has not shown that Pomet has faced a career-ending injury that would allow the Court to add his lost wages into the damages at issue, nor has Allstate shown any additional costs at issue since it received the last demand letter from Pomet. Instead, Allstate points the Court to settlement demands that total only $47,943.36. Doc. 10 at 7.

As Allstate admits in its Motion, "[d]efendants may introduce their own affidavits, declarations, or other documentation" to satisfy the amount in controversy requirement. Doc. 10 at 6 (quoting *Pretka*, 608 F.3d at 755). Yet Allstate submits only a Civil Relief Notice and pre-suit demand letters for the Court, both of which were drafted by Pomet prior to commencing this suit and include little factual material supporting the figures demanded. The Court, recognizing that removal statutes are to be construed narrowly, finds that Allstate has failed to demonstrate the amount in controversy requirement is met.

9

3. **Pomet's request for attorney's fees and costs is denied.**

In his Motion for Remand, Pomet requests this Court award him attorney's fees and costs pursuant to 28 U.S.C. section 1447(c). Attorney's fees are only awarded "where the removing party lacked an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because Allstate demonstrated the parties are citizens of different States and had some reasonable basis to believe the amount in controversy requirement was met, the Court declines to award fees and costs to Pomet.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Remand is **GRANTED**.
2. This action is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, Case No. 21-CA-9198, as this court lacks subject matter jurisdiction.
3. The Clerk is directed to send a certified copy of this order to the Clerk of Court for the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida.
4. The Clerk is further directed to terminate any pending deadlines and motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on April 26, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any